# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL NO. 4:08CR26 |
| | § | |
| JEFFREY GRAY WISE | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 27, 2012, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Glenn Roque Jackson.

On September 4, 2008, Defendant was sentenced by the Honorable Marcia Crone, United States District Judge, to a sentence of 33 months imprisonment followed by a three-year term of supervised release for Felon in Possession of a Firearm. Defendant began his term of supervision on June 1, 2010. On August 26, 2010, the case was transferred to the Honorable Richard A. Schell, United States District Judge.

On August 9, 2012, the U.S. Probation Officer filed a Petition for Offender Under Supervision (the "Petition") (Dkt. 49). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment and

1

at least two periodic drug tests thereafter, as determined by the court; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall not commit a federal, state or local crime; (4) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (5) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (6) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; and (7) Defendant shall pay a fine in the amount of $6,000, any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid fine balance within 15 days of receipt. The fine is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P. O. Box 570, Tyler, Texas 75710.

The Petition alleges that Defendant committed the following violations: (1 & 2) Defendant submitted a urine specimen that tested positive for cocaine on July 12, 2010, which was confirmed by Alere laboratory; (3) Defendant was arrested on June 23, 2012 for Assault Family Violence and Resisting Arrest Search or Transportation, and charges are pending; (4) Defendant failed to submit

a truthful and complete written report for the months of July, August, September, October, November, and December 2011, and January and February 2012, by failing to report owning or driving a motorcycle; (5) on February 29, 2012, when conducting a home visit, Senior U.S. Probation Officer Linda Werner witnessed Defendant riding a motorcycle. When questioned about the ownership of the motorcycle, Defendant stated the motorcycle belonged to a co-worker who was allowing him to drive it. Per the Texas Department of Motor Vehicle registration, the motorcycle was registered to Defendant as the owner on July 21, 2011; (6) on June 10, 2010, Defendant opened a new line of credit and incurred new debt without the permission of the U.S. Probation Officer when he obtained a loan for $14,566 with monthly payments of $415 to purchase a vehicle. Defendant also opened a new line of credit and incurred new charges at Conn's Electronic in the amount of $1,465.56 in September 2011, to purchase a HD television, home theater system and insurance, without the permission of the U.S. Probation Office; and (7) Defendant was instructed by former U.S. Probation Officer Teri Garza to pay $250 per month beginning July 15, 2010. He failed to make payments in July, August and September 2010. He made a payment of $40 in October 2010. His financial circumstances were reassessed and he was instructed to begin making monthly payments of $200 beginning November 15, 2010. He has made monthly payments, but not at a rate of $200 per month for the months of November and December 2010, January, February and October 2011, and January and February 2012. No payment was made in December 2011. As of this writing, Defendant had paid a total of $1,665 and has a fine balance of $4,435; however, Defendant did submit money orders mailed from the U.S. Probation Office for $2,050 on March 5, 2012, and for $2,385.00 on March 6, 2012, which will pay the fine in full when processed by the U.S. District Clerk's Office.

At the hearing, Defendant entered a plea of true to the alleged violations set forth in paragraphs (4) - (7). As to allegations (1 & 2), Defendant entered a plea of true that the urine specimen tested positive, but later offered a statement claiming that his soft drink was laced with cocaine at a family function and he unknowingly ingested it. As to allegation (3), Defendant entered a plea of true as to the fact that he was arrested but later offered an explanation about the circumstances of his arrest to the Court claiming he was not the aggressor. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the August 27, 2012 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months, with no supervised release to follow. The Court further recommends that the sentence should be carried out at Bastrop FCI, if appropriate.

**SIGNED this 4th day of September, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE